IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MEMORIAL HOSPICE, INC. And
VANELLA CAMPBELL                                    PLAINTIFF

V.                                                  CIVIL ACTION NO.
                                                    2:08-CV-048-B-A

RUTHIE NORRIS                                       DEFENDANT

ORDER

Bonnie Williams, a non-party to the above styled case, requests the court quash the subpoena for a deposition because defense counsel failed to provide her with reasonable notice of the deposition [docket no. 50]. Defense counsel noticed the deposition on October 29, 2008, but Williams was not served with the subpoena until November 3, 2008. *See* docket nos. 46 & 47. The deposition is scheduled for November 6, 2008.

Defense counsel contends that they were delayed in serving the deposition on Williams by her unwillingness to provide an address to serve her with the subpoena when she was contacted on October 29, 2008. *See* docket no. 51, ¶ 1. Defense counsel also contends that a "Good Faith Certificate" as required by Rule 37.1(A) of the UNIFORM LOCAL RULES FOR THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI was not attached to the motion to quash the subpoena.

FED. R. CIV. P. 45 provides that a subpoena may be quashed if it "fails to allow reasonable time for comply." FED. R. CIV. P. 45(c)(3)(A)(i). Although the rule does not specify what amount of time shall be deemed "reasonable," *see Freeport McMoran Sulpher, LLC v. Mike Mullen Energy Equip.*, NO. CIV.A.03-1496), 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004) (slip opinion), courts have ruled that allowing a single week for compliance is insufficient.

*Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002).  This court has consistently held that what constitutes reasonable time depends on the circumstances of each case, but the court's general practice is to require at least ten (10) days notice for a deposition, plus three days' mailing time if service is by mail or facsimile.  *See Vinson v. Vinson*, Civil Action No. 3:99cv54-B-A (N.D. Miss. Jan. 26, 2000) (order quashing deposition notices).  *See also Mann v. Univ. of Cincinnati*, 824 F. Supp. 1190, 1202 (S.D. Ohio), *aff'd*, 152 F.R.D. 119 (S.D. Ohio 1993), *aff'd*, Nos. 95-3195, 95-3292, 1997 WL 280188, at **5 n.5 (6th Cir. May 27, 1997) (requiring compliance with subpoena in less than fourteen days deemed unreasonable). The instant subpoena, which gave the non-party Williams only three (3) days' notice of the deposition, was clearly unreasonable.  Indeed, even if Williams had been served with the subpoena on October 29, 2008, she would have had only eight (8) days' notice of the deposition, which still not did not afford her reasonable notice.

As for the lack of Good Faith Certificate accompanying the motion to quash, the court holds that this deficit was not fatal to the motion. Although the Williams deposition is a discovery matter for the parties, the court has the authority and the jurisdiction to consider the motion without the Good Faith Certificate.  *Vineyard Development Co. V. Rogers*, 1997 WL 450052,* 1 (S.D. Miss. 1997). In addition, it is not the responsibility of counsel for a non-party, who is not counsel of record in the matter, to attempt to resolve discovery disputes for the attorneys who are actually of record in the matter.

Accordingly, it is ORDERED

That the motion to quash the subpoena for the deposition of Bonnie Williams is GRANTED.

This the 5th day of November, 2008.

/s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE