IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MEMORIAL HOSPICE, INC.
AND VANELLA CAMPBELL                                    PLAINTIFF/COUNTER-DEFENDANTS

V.                                                      CIVIL ACTION NO.
                                                        2:08-CV-48-SAA

RUTHIE NORRIS                                           DEFENDANT/COUNTER-PLAINTIFF

**ORDER**

This matter is before the court *sua sponte* on the question of whether the case should be remanded the action to the Circuit Court of Bolivar County, Mississippi. The plaintiff Memorial Hospice, Inc. filed this case in the Circuit Court of Bolivar County, Mississippi on November 29, 2007 to collect on a debt owed by Norris. In response Norris filed an initial answer and counterclaim, later filing an amended counterclaim which added Vanella Campbell as a defendant and alleged violations of the Fair Labor Standards Act by Memorial Hospice and Campbell. Campbell, as a newly joined counterdefendant, then removed the case to this court under 28 U.S.C. § 1441(c).[1] *See generally Texas v. Walker*, 142 F.3d 813 (5th Cir. 1998). The plaintiffs/counterdefendants invoked subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1441 and 28 U.S.C. § 1367 because the presence of the Fair Labor Standards Act claim, 29 U.S.C. § 203(e), means that a federal question appears on the face of the amended counterclaim. Docket no. 1, p.2.

---

[1] Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion may remand all matters in which State law predominates.

In light of the Supreme Court's holding in *Holmes Group, Inc. V. Vornado Air Circulation* that a federal counterclaim in a state court proceeding cannot form the basis for a district court's "arising under" jurisdiction, this court raised the issue of whether it properly had subject matter jurisdiction over this case. 535 U.S. 826, 830-31 (2002). In its expansive holding, the *Holmes* Court stated that "allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedents." 525 U.S. at 831. First, it would frustrate the plaintiff as the "master of the complaint" principle by effectively allowing the counterplaintiff to accept or reject the state forum. Second, "conferring this power on the defendant would radically expand the class of removable cases, contrary to the 'due regard for the rightful independence of state governments' that [our] cases addressing removal require." *Id.*, quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Finally, the transparency and ease of administration of the well-pleaded complaint doctrine would be undermined by allowing responsive pleadings by the original defendant to establish "arising under" jurisdiction. *Id.* (referring to *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1 at 11 (1983)).

The majority of federal courts have determined that under 28 U.S.C. §1441(c) neither a plaintiff who is made a counterdefendant, nor a third-party defendant brought into the state action by the original defendant can exercise the right of removal. 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure §3731, 253-54 (3d ed. 1998). *See also Adkins v. Illinois Central Railroad Company*, 326 F.3d 828 (7th Cir. 2003); *Arrow Financial Services, LLC v. Massil*, 2009 WL 348553 (W.D.N.Y. 2009). The Fifth Circuit, however, has taken the minority position that a third-party defendant who was not an

original plaintiff to the state court action may remove the case to federal court based upon a federal law counterclaim so long as the new claim is "separate and independent," that is, the claim "involves an obligation distinct from the nonremovable claims in the case." *Walker*, 142 F.3d at 816 (relying on *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir 1980) and *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951)); *see also North Star Capital Acquisitions, LLC v. Krig*, 2007 WL 3522425, *1 (M.D. Fla. 2007) (discussing the Fifth Circuit position and acknowledging that the Eleventh Circuit is bound by Fifth Circuit decisions that precede the circuit split and that have not been overruled by the Eleventh Circuit Court of Appeals).

This is an action that properly should be heard in Mississippi state court as the original claim brought by a Mississippi plaintiff was a state law claim against another Mississippi citizen for an amount less than $75,000. The irony is that the third-party claim which gave rise to the removal in the first instance – the FLSA claim against Campbell individually – was abandoned by Norris when she filed her Second Amended Counterclaim [which included the third-party claim]. Only after the question of federal jurisdiction was raised at the Final Pretrial Conference did Norris move to amend yet again to reassert the FLSA claim against Campbell, claiming the omission was "excusable neglect."

Campbell's removal of this claim is an example of how strict application of the *Heck* decision expands the category of cases in which a new counterdefendant can avail itself of federal court jurisdiction, even if the claim is invalid [or fraudulent in the context of removal terminology], but the federal court is prevented from remanding it to state court. The current status of the case validates the *Holmes* Court's concerns that allowing a counterclaim to form the

3

basis of "arising under" jurisdiction contravenes longstanding policies of the Court that inform their precedents. Nonetheless, in the absence of a United States Supreme Court ruling on point, this court is bound by Fifth Circuit law that allows Campbell to remove the claim to federal court on the basis of a counterclaim asserting a separate and independent claim of violation of federal law.

Accordingly, it is **ORDERED**

That the court retains subject matter jurisdiction of this case. This case is set for a jury trial to begin at 9:30 a.m. on November 9, 2009 in Oxford, Mississippi in Courtroom 2 before the undersigned.

This the 6th day of August, 2009.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE